Speranza Liquor License Case.

Argued April 14, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Lawrence L. Davis*, Special Assistant Attorney General, with him *Thomas J. Shannon*, Assistant Attorney General, and *Walter E. Alessandroni*, Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Robert Davis Gleason*, with him *Gleason & Krumenacker*, for appellees.

OPINION BY MONTGOMERY, J., June 11, 1964:

The facts in this case are not in dispute. The appellees, Louis and Pauline Speranza, husband and wife, are the holders of a hotel liquor license for premises known as Loreben Hotel, R.D. 2, Ebensburg, Pennsylvania. On the first floor of the hotel there is a barroom and an adjoining dining room separated by a solid wall through which is an open doorway. The licensees are privileged to serve alcoholic beverages in both rooms. Although they are not charged with hav-

ing served alcoholic beverages to unaccompanied minors, they admit serving them food in the dining room area. The board suspended the license of the appellees for twenty days because "The licensees, their servants, agents, or employees permitted minors to frequent the licensed premises on September 22, 1962."

Article IV, §493, of the Pennsylvania Liquor Code, Act of April 12, 1951, P. L. 90, 47 P.S. §4-493, makes it unlawful: "(14) For any hotel, restaurant or club liquor licensee, or any retail dispenser, his servants, agents or employes, to permit persons of ill repute, known criminals, prostitutes or minors to frequent his licensed premises or any premises operated in connection therewith, except minors accompanied by parents, guardians, or under proper supervision."

The lower court was satisfied that there had been no disorderliness present on the occasion for which the suspension was imposed by the board. Although there were more than seven minors in the dining room at that time, none of them had ordered or had been served any alcoholic beverages. The lower court also was satisfied that the activities of the dining room were supervised adequately by Mrs. Speranza and a waitress.

Therefore, the issue before us is a simple one. May a licensee supply the code requirement of proper supervision of minors who frequent his premises? The answer is obviously no. Otherwise, the provision requiring supervision would be meaningless since any licensee who operated a well-supervised establishment could permit minors to frequent it as long as they were not served intoxicating beverages. We are required to give meaning to the provision referred to; and we conclude that the legislature intended the words, "accompanied by parents, guardians, or under proper supervision", to mean that someone associated with the minor must accompany him so as to give him particular supervision. General supervision afforded by the li-

censee, or even by a police officer hired for that purpose, would not meet this requirement of the code. The requirement was enlarged beyond the limits of parent or guardian to include adult custodians or leaders of groups of minors that might desire the food service of such licensees, to include the situation, referred to by the lower court, of an adult husband taking his minor wife into the establishment for dining purposes, and other similar situations.

We think that the purpose of the Liquor Code as recited by our legislature and which we alluded to in our recent case of *Hankin Liquor License Case*, 202 Pa. Superior Ct. 100, 195 A. 2d 164 (1963), bears re-iteration in the present case: "This act shall be deemed an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of this Commonwealth and to prohibit forever the open saloon, and all of the provisions of this act shall be liberally construed for the accomplishment of this purpose." Act of April 12, 1951, P. L. 90, art. I, §104, 47 P.S. §1-104(a). If we were to construe the provision as to supervision of minors in the manner contended by the appellees, we would open the doors of all licensed establishments to minors, subject only to the supervision provided by the licensee. This would be directly contrary to the declared purpose of the code.

Order reversed and order of the board reinstated.

DISSENTING OPINION BY WOODSIDE, J.:

I dissent. The majority here holds that minors, including young married couples, college students and self-employed youth, as well as all other people under twenty-one years of age, are barred from every hotel and restaurant in this Commonwealth having a beer or liquor license unless accompanied by parents, guardians or "supervisors". As a result of this opin-

ion young people are denied the use of most good restaurants, because most have licenses.

It is my opinion that the legislature intended to keep minors away from the bars. If those in charge of a licensed establishment prevent minors from frequenting the bar and its immediate area, where the emphasis is on drinking rather than eating, but permit them to be served food and non-alcoholic beverages in a dining room or restaurant away from the bar, they are providing the "proper supervision" required by §493(14) of the Liquor Code, 47 P.S. §4-493(14), quoted in the majority opinion.

WATKINS, J., joins in this dissent.